UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

(Ancillary Proceeding to Case No. 09-80765-Civ-Dimitrouleas/Snow)

MICHAEL GOLDBERG,
as Receiver for Sterling Wentworth Currency Group and
Lasalle International Currency Corp., and
MICHELLE BLUM, on her own behalf,
and behalf of all others similarly situated,

        Plaintiff,

v.

D & E COMMUNICATIONS, Inc. a Florida corporation,
GABRIEL CARINO, individually,
PETER LINDGREN, individually,
JOHN PALLADINO, individually,
LINDGREN-PITMAN, INC., a Florida corporation,
RONALD LAING, individually,
JOSEPH WILLIS, individually,
ERIK AND JENNIFER DIAZ,
DAVID LEONARDO, individually,
PATRICK MALONE, individually,
LOGAN CLARKE, individually,
MIKE LOGAN, individually,
JACOB KASEL, individually,
LOGAN AND DONNA CLARKE,
B.E.L. LEASING, Inc., a Florida corporation,
PETER LINDGREN FAMILY TRUST,
DALE PRESSLER, individually,
KEITH PETRON, individually,
PETER AND STEPHANIE LAMELAS,
BRIAN BRAGG; individually,
NATIONAL TITLE HOUSE, Inc., a Florida corporation,
LORI SARIDAKIS, individually,
NICHOLAS GORY, individually,
THOMAS DIEHL, individually,
PERSIO A. DIAZ, Jr. individually,

        Defendants

_____/

## CLASS ACTION COMPLAINT

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

Micheal Goldberg, as Receiver for Sterling Wentworth Currency Group and Lasalle International Currency Corp., and Michelle Blum, on her own behalf, and on behalf of all others similarly situated (the "Class"), hereby sue the defendants and allege as follows:

<u>SUMMARY</u>

1.      This class-action lawsuit seeks the return of false "profit" payments paid to "investors" who profited, unlawfully, from a Ponzi scheme at the expense of Plaintiffs and the putative Class. Specifically, this action arises from the Ponzi scheme perpetrated by the Sterling Wentworth Currency Group ("Sterling"), LaSalle International Clearing Corporation ("LaSalle"), and their control person, Michael Riolo ("Riolo").[1]

2.      The crux of that scheme is as follows. The Receivership Entities solicited and received funds from potential "investors" for the alleged purpose of trading off-exchange foreign currency contracts; however, the funds were never invested and no securities were ever purchased. Over time, the Receivership Entities made payments to many of those "investors" in excess of the amounts that those "investors" contributed to the Receivership Entities – with the excess purportedly representing trading profits. But in reality, the Receivership Entities lost money. Consequently, as there were no investments, there were no profits. The alleged "profits" paid to the "investors" were really additional funds received from new "investors" provided to the Receivership Entities for purposes of "investing" with them. In short, the Receivership Entities were engaged in a classic Ponzi scheme, which, as always happens, ultimately collapsed.[2]

3.      As a result, Plaintiff and the putative Class suffered millions of dollars in losses,

---

[1]Collectively, Sterling and Lasalle shall be known as the "Receivership Entities."

[2]Hereinafter, payments made by the Receivership Entities to any Defendant in excess of the amount that Defendant contributed to the Receivership Entities are referred to as "False Profit Payments."

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

which they now seek to recover, at least in part, from those who actually profited via the foregoing Ponzi scheme – *i.e.,* the Defendants in this case.[3]

4.      In sum, this case is about the victims of a Ponzi scheme seeking to be made at least partially whole by having the Profiteers return their False Profit Payments.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), as this matter is ancillary to the Court's exclusive jurisdiction over the Receivership Estate.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the acts complained of occurred primarily in this district, and because the Receivership Action is pending in this Court.

## PARTIES

7.      Plaintiff and putative class representative Michelle Blum is an individual residing in Weston, Florida.  Ms. Blum invested and lost nearly $150,000.00 in the Sterling scheme.

8.      Plaintiff Michael Goldberg, Esq. ("Receiver") is the Court-Appointed Receiver over the Receivership Entities.  The Receiver is charged with recovering funds owed to Receivership Entities with the express goal of returning such funds to creditors of the Receivership estate, specifically including the victims of the Ponzi scheme.

9.      Defendants are the individuals set forth on Exhibit A.

a.      Each Defendant is a Profiteer to the extent that Defendant received payments in excess of the amount that Defendant contributed to the Receivership Entities – as set forth on Exhibit A.

b.      Each Defendant is subject to the jurisdiction of this Court because they either

---

[3]Hereinafter, the Defendants are sometimes referred to as the "Profiteers."

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

reside in, or have directed actions into, this district.

## RELEVANT NON-PARTIES

10.     Sterling is a defunct Florida corporation, and is currently subject to this Court's receivership orders.

11.     LaSalle is also a defunct Florida corporation, and is also subject to this Court's receivership orders.

12.     Riolo was at all relevant times a resident of this district.  At present, Mr. Riolo is incarcerated in a Federal penitentiary.

## FACTS

13.     On May 21, 2009, the United States Commodity Futures Trading Commission ("CFTC") filed its Complaint for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief (the "Complaint") in the United States District Court for the Southern District of Florida, Case no.: 09-80765-Civ-Dimitrouleas/Snow (the "CFTC Action").  The Complaint alleged that Sterling, Lasalle and Riolo had fraudulently solicited and received funds from their customers for the purpose of trading off-exchange foreign currency contracts, *inter alia*, without disclosing that Sterling and LaSalle: (i) had taken opposing sides of those transactions; (ii) lacked sufficient funds to pay customers the amounts owed on such transactions; and (iii) lacked the financial ability to pay the purported value of customer accounts.

14.     The CFTC action is currently pending before the Honorable William Dimitrouleas.

15.     The CFTC alleged that the defendants actions violated sections 4b(a)(2)(A), (B), and (C) of the Commodity Exchange Act (the "Act"), by making false statements and omissions in connection with the sale of a futures contract.

16.     The CFTC sought the following relief:

4

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

    a.     an order finding that Riolo and the Receivership entities had violated the anti-fraud provisions of the Commodities Trading Act ("the Act");

    b.     a permanent injunction enjoining Riolo and the Receivership Entities from continuing violations of the Act;

    c.     a permanent injunction enjoining Riolo and the Receivership Entities from engaging in any future commodities trading activity;

    d.     an order directing Riolo and the Receivership Entities to make full restitution to any person or entity receiving from whom the Defendants received funds as a result of their commodities trading;

    e.     an order of disgorgement;

    f.     a civil monetary penalty of $140,000 for *each* violation of the Act;

    g.     rescission of each futures contract entered into by Riolo, and the Receivership Entities;

    h.     the preservation of all books and records; and

    i.     the appointment of a receiver.[4]

17.    Riolo and the Receivership Entities failed to answer the CFTC's complaint and on September 17, 2009, the District Court entered its Order of default judgment against Riolo and the Receivership Entities granting all of the relief requested by the CFTC and appointing Michael Goldberg, Esq. as Receiver.[5]

18.    Riolo, who was also charged criminally for his perpetration of the Ponzi scheme,

---

[4] A copy of the CFTC Complaint is attached hereto as Exhibit B.

[5] A copy of the Court's Order of Judgment By Default, Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief, is attached hereto as Exhibit C.

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

plead guilty to five counts of mail and wire fraud and was sentenced to 20 years in federal prison. He is currently serving that sentence.

19.     On December 2, 2009, the Receiver filed its motion to retain the undersigned law firms to bring the instant claims against Defendants.  Thereafter, on December 4, 2009, the Court granted the Receiver's Motion.[6]

## THE SCHEME

20.     Beginning in June, 2008 Sterling, through Riolo, began soliciting customers to invest funds for the purpose of engaging in Forex transactions.[7]

21.     Riolo directed customers to open accounts at Sterling, while LaSalle purportedly was tasked with executing and clearing the Forex transactions for Sterling's customers.

22.     As part of the scheme, Riolo specifically directed customers to deposit their savings into LaSalle's account at Washington Mutual Bank ("WAMU").

23.     Sterling purportedly managed these accounts for its customers and was given complete discretion by its customers over each Forex contract purchased or sold by Sterling customers, including, but not limited to: which contracts and how many contracts to purchase, and the price of each contract.

24.     Moreover, and unknown to the "investors" in the scheme, Sterling and LaSalle were the "counterparties" in each transaction.  In other words, when Sterling purchased and sold Forex contracts for its customers, LaSalle (who also acted as the clearing agent), would take the "other side" of all such transactions.

25.     The Receivership Entities also prepared monthly statements that were delivered to

---

[6]A copy of the Receiver's retention motion and the Court's Order are attached hereto as Composite Exhibit D.

[7]A Forex transaction refers to an off-market commodities contract for the purchase and sale of foreign currency.

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

their customers.  Those reports purported to state each customer's account value at each month's end.

26.     Sterling and LaSalle each failed to inform their customers that sufficient funds did not exist in either Sterling's or LaSalle's accounts to pay each customer the "purported" balance reflected in the customer account statements.

27.     Rather, the Receivership Entities were insolvent at all times material.

## THE ILLEGAL PAYMENTS

28.     Over time, certain customers received payments from the Receivership Entities in excess of the amount that they contributed to the Receivership Entities – *i.e.,* False Profit Payments.

29.     Exhibit A is chart setting forth, for each Defendant, total payments made to the Receivership Entities from that Defendant, and total payments received from the Receivership Entities by that Defendant, thus revealing all False Profit Payments and, moreover, the precise amount by which each Defendant is a Profiteer.

30.     The Defendants did not provide reasonably equivalent value in exchange for the False Profit Payments received from the Receivership Entities.

31.     Plaintiffs and the members of the putative class have claims against Riolo and the Receivership Entities to the extent that they made payments to the Receivership Entities in amounts that have not been returned to them.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

33.     This is a putative class action filed on behalf of all persons and entities that were customers of the Receivership Entities, and who did not receive funds in excess of their

7

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

contributions.[8]

34.     The putative class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure regarding numerosity, typicality, commonality, superiority, and adequacy.

35.     This action satisfies Rule 23(b)(3)'s requirement that common questions of fact and law predominate over the determination of any individual issues in this action.

36.     The members of the putative class are so numerous that joinder of all members would be impracticable. Plaintiff estimates the number of putative class members to be at least 40. The precise number of putative class members can easily be ascertained from the Receivership Entities records. Notice can be provided to class members using first-class mail, published notice, and, where possible, electronic mail.

37.     Plaintiff Michele Blum will fairly and adequately represent the putative class. Plaintiff has retained counsel experienced in class action litigation.

38.     Plaintiff's claims are typical of all putative class members claims because Plaintiff and all putative class members' damages stem from the same fraudulent transfers of funds from the Receivership Entities to the Defendants, which caused the Plaintiff and each class member the same type of harm.

39.     A class action is superior to other available methods of litigation to resolve this controversy. The damages suffered by individual class members may be relatively small, however, the expense and burden of individual cases for such putative class members make it quite difficult for individual class members to seek redress against Defendants for the claims identified in this

---

[8]Excluded from the putative class are the Defendants, Defendants' directors and officers, immediate families of Defendants' directors and officers, and any entity in which the Defendants maintained a controlling interest, or that is related to or affiliated with the Defendants, or the legal representatives, agents, affiliates, heirs, successors-in-interests of assignees of any such excluded person.

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

putative class action complaint.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

40.     Common questions of law and fact exist as to all putative class members and predominate over questions affecting individual putative class members.  Among the questions of law and fact common to the putative class are:

a.      Whether the Defendants received funds in excess of the funds they actually deposited with the Receivership Entities;

b.      Whether the Defendants are liable to the Plaintiff and the putative class pursuant to Fla. Stats. § 726.105(1)(a);

c.      Whether the Defendants are liable to the Plaintiff and the putative class pursuant to Fla. Stats. § 726.105(1)(b);

d.      Whether the Defendants are liable to the Plaintiff and the putative class pursuant to Fla. Stats. §726.106(1);

e.      Whether the Defendants were unjustly enriched by payments from the Receivership Entities;

f.      Whether, and to what extent, Plaintiff and the putative class were damaged by the Defendants' conduct.

## COUNT I
### FRAUDULENT TRANSFER
(IN VIOLATION OF FLORIDA STATUTE § 726.105(1)(A))

41.     The Plaintiff restates and re-alleges paragraphs 1 through 39, as if fully set forth herein.

42.     Pursuant to Florida Statute §726.105(1)(a), this claim seeks to set aside or attach all False Profit Payments made to the Defendants pursuant to Florida Statute §726.105(1)(a) – as

9

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

summarized on Exhibit A.

43.     The False Profit Payments were made by the Receivership Entities with actual intent to hinder, delay, or defraud the Plaintiff and the putative Class with regard to their claims against the Receivership Entities.

44.     Plaintiff may avoid or attach the False Profit Payments pursuant to Florida Statute § 726.105(1)(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and find as follows:

a.     determine that the False Profit Payments are fraudulent and avoidable pursuant to Fla. Stats. § 726.105(1)(a);

b.     enter judgment in favor of Plaintiff and the putative class and against each Defendant in the amount of the False Profit Payments made to that Defendant – as summarized on Exhibit A – together with interest and costs; and

c.     such other and further relief as this Court deems just and proper.

## COUNT II
### FRAUDULENT TRANSFER
(IN VIOLATION OF FLORIDA STATUTE §726.105(1)(B))

45.     Plaintiff restates and re-alleges paragraphs 1 through 39, as if fully set forth herein.

46.     Pursuant to Florida Statute §726.105(1)(b), this claim seeks to set aside or attach all False Profit Payments made to the Defendants – as summarized on Exhibit A.

47.     The Receivership entities did not receive reasonably equivalent value in exchange for the False Profit Payments.

48.     When the False Profit Payments were made, the Receivership Entities were engaged

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

in a business or transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

49.     When the False Profit Payments were made, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay them as they became due.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment and find as follows:

a.     determine that the False Profit Payments are fraudulent and avoidable pursuant to §726.105(1)(b) of the Florida Statutes;

b.     enter judgment in Plaintiff and the Class's favor against each Defendant in the amount of the False Profit Payments received by each Defendant – as summarized on Exhibit A – together with interest and costs; and

c.     such other and further relief as this Court deems just and proper.

## COUNT III
### FRAUDULENT TRANSFER
#### (IN VIOLATION OF FLORIDA STATUTE § 726.106(1))

50.     The Plaintiff restates and re-alleges paragraphs 1 through 39, as if fully set forth herein.

51.     Pursuant to Fla. Stat. § 726.106(1), this claim seeks to set aside or attach the False Profit Payments paid to the Defendants by the Receivership Entities pursuant to Fla. Stat. §726.106(1) – as summarized on Exhibit A.

52.     The Receivership Entities did not receive reasonably equivalent value in exchange for any of the False Profit Payments.

53.     The Receivership Entities were insolvent at the time of the False Profit Payments, or

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

became insolvent as a result of the False Profit Payments.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment and find as follows:

       a.     determine that the False Profit Payments are fraudulent and avoidable pursuant to §726.106(1) of the Florida Statutes;

       b.     enter judgment in favor of Plaintiff and the Class and against each Defendant in the amount of the False Profit Payments made to that Defendant – as summarized on Exhibit A – together with interest and costs; and

       c.     such other and further relief as this Court deems just and proper.

### SUMMARY OF RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the Class, respectfully request from that this Court:

    (A)    Certify this action as a class action under Fed. R. Civ. P. 23(a) and (b)(3);

    (B)    Award Plaintiffs and the Class their compensatory damages against Defendants, together with interest and costs; and

    (C)    Award Plaintiffs and the Class such further relief as is appropriate in the interests of justice.

12

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961

## DEMAND FOR JURY TRIAL

Plaintiff on her own behalf and on behalf of the Class request a jury trial on any and all claims for which a trial by jury is permitted by law.

Dated: June 16, 2011

By: /s/ David A. Rothstein, Esq.

DAVID A. ROTHSTEIN
Fla. Bar No. 0056881
drothstein@dkrpa.com
JEFFREY B.  KAPLAN
Fla. Bar No. 39977
jkaplan@dkrpa.com

DIMOND KAPLAN & ROTHSTEIN, P.A.
Offices at Grand Bay Plaza
2665 South Bayshore Drive, Penthouse 2B
Miami, Florida 33133
Telephone (305) 374-1920
Facsimile: (305) 374-19

SCOTT L. SILVER
Fla. Bar No. 095631
silver@stockattorneys.com

BLUM & SILVER, LLP
Attorneys for Plaintiff
12540 W. Atlantic Blvd.
Coral Springs, FL 33071
Telephone: (954) 255-8181
Facsimile: (954) 255-8175

JAMES D. SALLAH
Fla. Bar No. 92584
JOSHUA A. KATZ
Fla. Bar No. 848301
SALLAH & COX, LLC
2101 N.W. Corporate Blvd., Suite 218

13

Boca Raton, FL  33431
Telephone:  (561) 989-9080
Facsimile:  (561) 989-9020

14

DIMOND KAPLAN & ROTHSTEIN, P.A.

OFFICES AT GRAND BAY PLAZA, 2665 SOUTH BAYSHORE DRIVE, PENTHOUSE 2B, MIAMI, FL 33133 • TEL. 305.374.1920 FAX. 305.374.1961